UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE A. LITTLE,<br><br>  Plaintiff,<br><br>     v.<br><br>ADRIAN FENTY, DC Mayor, *et al.*,<br><br>  Defendants. | Civil No. 09-2308  (CKK) |

MEMORANDUM OPINION
(December 15, 2009)

Plaintiff, Joyce A. Little, representing herself *pro se*, filed the above-captioned civil action on December 7, 2009.  Along with the [1] Complaint, Plaintiff filed a [2] Motion for Preliminary Injunction Staying the Final Vote on DC Bill 19-482 "Religious Freedom of Marriage Equality Act of 2009."  Plaintiff's motion principally focuses on the pending final vote by the DC Council ("Council") on the Religious Freedom and Marriage Equality Act of 2009 ("DC Bill 19-482"), and requests the Court issue an emergency order enjoining the Council from voting on DC Bill 19-482.  Pursuant to Court order, Defendants filed expedited oppositions to Plaintiff's motion on Monday, December 14, 2009.  In response, at the Court's request, Plaintiff filed a [23] Reply to Defendants' oppositions on Tuesday, December 15, 2009, regarding standing.  The Court became aware this morning for the first time that Plaintiff, at her own initiative, also filed a [22] Motion to Amend her Complaint on Monday, December 14, 2009, in response to Defendants' oppositions (although the motion to amend was not docketed by the Clerk nor did Chambers receive a copy of the pleading until Tuesday, December 15, 2009).  In so responding, Plaintiff raised certain issues for the first time, particularly as regards her standing to

bring this lawsuit. The Court has ordered counsel for Defendants to file a response addressing these newly-raised issues by no later that 4 PM today. Nonetheless, the Court has just been advised by counsel for Defendants that the final vote on DC Bill 19-482 is currently scheduled to occur on or around 11:30 AM this morning. In an effort to timely address Plaintiff's request for an emergency injunction, given the imminence of the final vote, the Court therefore issues this Memorandum Opinion briefly addressing Plaintiff's motion.[1] As the Court has not yet had an opportunity to fully consider the issues regarding Plaintiff's standing, the Court shall assume for the purposes of this Memorandum Opinion only that Plaintiff has standing to bring this motion. Upon consideration of the parties' filings, the relevant case law and statutory provisions as well as the record of this case as a whole, the Court shall DENY Plaintiff's [2] Motion for Preliminary Injunction Staying the Final Vote on DC Bill 19-482 "Religious Freedom of Marriage Equality Act of 2009."

## LEGAL STANDARD AND DISCUSSION

The standard for obtaining injunctive relief through either a temporary restraining order or a preliminary injunction is well established. A moving party must show: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Chaplaincy of Full Gospel*

---

[1] The Court shall supplement its reasoning for its decision later today as may be appropriate. The Court also notes that it attempted to reach Plaintiff by telephone prior to issuing this Memorandum Opinion and Order in order to hold a conference call on the record with all parties, but was unable to reach Plaintiff; Chambers left a voicemail message for Plaintiff advising her of the imminent final vote and requesting she contact Chambers immediately. The Court has not yet heard back from Plaintiff as of the filing of this Memorandum Opinion.

*Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *Hall v. Daschle*, 599 F. Supp. 2d 1, 6 n.2 (D.D.C. 2009) ("[t]he same standard applies to both temporary restraining orders and to preliminary injunctions"). In applying this four-factored standard, district courts may employ a sliding scale as to which a particularly strong showing in one area can compensate for weakness in another. *Id.* (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995)). Nevertheless, both the United States Supreme Court and the Court of Appeals for the D.C. Circuit have emphasized that a plaintiff must show at least *some* likelihood of irreparable harm in the absence of an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, __ U.S. __ , 129 S. Ct. 365, 375 (2008) (holding that a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction," and not a mere "possibility"); *CityFed*, 58 F.3d at 747 (holding that a plaintiff must demonstrate "'at least some injury' for a preliminary injunction to issue . . . [because] 'the basis of injunctive relief in federal courts has always been irreparable harm . . . .'" (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

In this case, Plaintiff has failed to show any likelihood of irreparable harm in the absence of an injunction. As the Council explained in its opposition,

> The Council's vote and presentment of a bill to the Mayor is not the end of the District's legislative process. District laws are subject to a 30 or 60-day Congressional review period, and are further subject to the referendum process. Unless and until legislation becomes effective, judicial resources should not be spent on speculative activity.

Council's Opp'n, Docket No. [8], at 7. Accordingly, even assuming the bill at issue is passed by the DC Council, it must still be signed by the Mayor and must then be subject to Congressional review. Defendants indicate that even assuming the bill is signed by the Mayor and that Congress takes no action on it, "the challenged legislation will not become effective until late

January, 2010, at the earliest." DC's Opp'n, Docket No. [9] at 4 (citing D.C. Official Code § 1-206.02(c)(1) (2005 Supp.). Plaintiff therefore has shown no threat of "imminent" irreparable harm warranting the requested emergency relief. Similarly, with respect to Plaintiff's challenge to the Jury and Marriage Amendment Act of 2007, the law is already in effect, as Plaintiff concedes, and Plaintiff has proffered no threat of "imminent" irreparable harm as to her request for emergency relief on this issue either.

The Court also notes briefly that Plaintiff has failed to show a likelihood of success on the merits. In particular, with respect to Plaintiff's request to enjoin the pending final vote on DC Bill 18-482, "the individual council members and the Council itself are absolutely immune from suit for injunctive relief" as to all actions taken in the sphere of legitimate legislative activity. *State of Maryland v. Barry*, 6045 F. Supp. 495, 497 n. 1 (D.C. Cir. (1985) (citing *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980)); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).

For these reasons, as may be supplemented by the Court at a later date, the Court shall DENY Plaintiff's [2] Motion for Preliminary Injunction Staying the Final Vote on DC Bill 19-482 "Religious Freedom of Marriage Equality Act of 2009." An appropriate Order accompanies this Memorandum Opinion.

Date: December 15, 2009

/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge